**IN THE FEDERAL DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **ERICA BARGA** | : | **CASE NO. _____** |
| **11081 STATE ROUTE 185** | : | |
| **BRADFORD, OHIO 45308** | : | **JUDGE: _____** |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT FOR DISCRIMINATION,** |
| **VS.** | : | **RELATED TORTS; JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| **VILLAGE OF SAINT PARIS, OHIO** | : | |
| **By and through its Administrator** | : | |
| **SPENCER MITCHELL** | : | |
| **135 WEST MAIN STREET** | : | |
| **SAINT PARIS, OHIO 43072** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MAYOR BRENDA COOK** | : | |
| **In her Individual and Official Capacities** | : | |
| **135 WEST MAIN STREET** | : | |
| **SAINT PARIS, OHIO 43072** | : | |
| | : | |
| **and** | : | |
| | : | |
| **VILLAGE COUNCIL MEMBER** | : | |
| **TERRY W. ERVIN, II** | : | |
| **In his Individual and Official Capacities** | : | |
| **135 WEST MAIN STREET** | : | |
| **SAINT PARIS, OHIO 43072** | : | |
| | : | |
| **and** | : | |
| | : | |
| **VILLAGE COUNCIL MEMBER** | : | |
| **CHAD HACKLEY, SR.** | : | |
| **In his Individual and Official Capacities** | : | |
| **135 WEST MAIN STREET** | : | |
| **SAINT PARIS, OHIO 43072** | : | |
| | : | |
| **and** | : | |
| | : | |

1

**VILLAGE COUNCIL MEMBER**                        :
**SUSAN PRINCE**                                  :
**In her Individual and Official Capacities**     :
**135 WEST MAIN STREET**                          :
**SAINT PARIS, OHIO 43072**                       :
                                                  :
    **and**                   :
                                                  :
**VILLAGE COUNCIL MEMBER**                        :
**STEVE LETT**                                    :
**In his Individual and Official Capacities**     :
**135 WEST MAIN STREET**                          :
**SAINT PARIS, OHIO 43072**                       :
                                                  :
    **and**                   :
                                                  :
**VILLAGE COUNCIL MEMBER**                        :
**RANDY SMITH**                                   :
**In his Individual and Official Capacities**     :
**135 WEST MAIN STREET**                          :
**SAINT PARIS, OHIO 43072**                       :
                                                  :
    **and**                   :
                                                  :
**VILLAGE COUNCIL MEMBER**                        :
**LYNN MILLER**                                   :
**In his Individual and Official Capacities,**    :
**135 WEST MAIN STREET**                          :
**SAINT PARIS, OHIO 43072**                       :
                                                  :
    **And**                   :
                                                  :
**MARTIN, BROWNE, HULL &**                        :
**HARPER, PLL**                                   :
**As Village Legal Counsel, Separately as**       :
**Attorneys, and as Employers of**                :
**Defendants Bey and Wahl, and in their**         :
**Capacity and Outside their Village**            :
**Capacity**                                      :
**500 N. FOUNTAIN AVENUE**                        :
**P O BOX 1488**                                  :
**SPRINGFIELD, OHIO  45501**                      :
                                                  :
    **And**                   :
                                                  :
**DANIEL L. BEY**                                 :

2

**Individually and as Village Legal**         :
**Counsel, Separately, Jointly and**          :
**Severally**
**c/o Martin, Brown, Hull & Harper PLL**      :
**500 N. FOUNTAIN AVENUE**                    :
**P O BOX 1488**                              :
**SPRINGFIELD, OHIO  45501**                       :
                                              :
        **And**                              :
                                              :
**SHANNON L. WAHL**                           :
**Individually and as Village Legal**         :
**Counsel, Separately, Jointly and**          :
**Severally**                                 :
**c/o Martin, Brown, Hull & Harper PLL**      :
**500 N. FOUNTAIN AVENUE**                    :
**P O BOX 1488**                              :
**SPRINGFIELD, OHIO 45501**                   :
                                              :
        **Defendants.**                      :

---

Now comes Plaintiff Erica Barga, and alleges the following for her Complaint:

## PARTIES

1. Plaintiff Erica Barga is and was, at all times relevant, a resident of Bradford, Miami County, Ohio.  Plaintiff was employed as the Village Police Chief of Saint Paris, Ohio. Plaintiff is female.

2. Defendant Village of Saint Paris, Ohio, is a municipality incorporated under the laws of the State of Ohio as a Village, located in Champaign County, Ohio.  Defendant Village was Plaintiff's employer.

3. Defendant Brenda Cook is the duly elected Mayor of the Village of Saint Paris, and during a portion of Plaintiff's employment served as Plaintiff's direct supervisor.

4. Defendants Ervin, Hackley, Prince, Lett, and Smith are the duly elected members of the Village of Saint Paris Village Council and sued as individuals and separately/jointly in

3

their representative capacities, jointly and severally. Lynn Miller also of the Village Council, is a member and joined in his official capacity only  but is specifically not sued as an individual because of his good faith efforts on behalf of Erica Barga and the Village.

5. The Defendants, Daniel L. Bey, Shannon L. Wahl, and their legal firm Martin, Browne, Hull & Harper, PLL, acted as Village Counsel and legal advisor for St. Paris, Ohio, the individual members of Council, and as members of Council, in their Village members/Defendants capacity as clients as well as advising the Plaintiff of her personal rights and provisions rights as Chief of Police, directly and indirectly to her, through Council, and issuance of verbal and written policies related to these causes of action, as set forth herein.

6. The law firm of Martin, Brown, Hull & Harper PLL, legal entity, employer of Defendants Bey and Wahl, and may included other members, as disclosed by discovery.  The Martin firm acted jointly and severally through their attorneys, Bey and Wahl, and vice versa, Bey and Wahl acted on behalf of the Martin law firm.

7. As personal and professional legal and personal legal advisors to Mayor Cook, in particular, and other Defendants outside of legal privilege and duty, on occasion, in conflicting manner, opinions, and advice, rulings at the hearing and policies, involved at the gravamen in the matter plead herein and acted with direct/indirect conflict of interest as attorneys and conspirators for the

## JURISDICTION AND VENUE

8. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

4

9.  Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission on February 25, 2020. That charge included allegations of discrimination based upon sex, gender stereotyping, retaliation, and hostile environment. A true and accurate copy of that charge is attached hereto as Exhibit 1.

10. Plaintiff received a Notice of Right to Sue regarding that charge on October 21, 2020. A true and accurate copy of that Notice is attached hereto as Exhibit 2.

11. Plaintiff has filed her suit within the ninety-day period set out in the Notice for these charges.

12. Plaintiff filed a second charge with the Ohio Civil Rights Commission on December 21, 2020. That charge included allegations of discrimination based upon sex, gender stereotyping, hostile work environment and retaliation. A true and accurate copy of that charge is attached hereto as Exhibit 3. There have been additional.

13. Plaintiff has not received a Notice of Right to Sue regarding the second charge but the Defendants have discharged Plaintiff unlawfully and she has suffered great harm as a result of the discharge, prior, subsequent, and during said period of time.

14. This Court has jurisdiction over Plaintiff's claims based upon federal law pursuant to 28 U.S.C.§ 1331.

15. This Court has jurisdiction over Plaintiff's claims based upon Ohio law pursuant to 28 U.S.C.§ 1367.

16. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b).

## FACTS

17. Plaintiff reincorporates the allegations in the previous portions of this Complaint and attachments by reference as if fully rewritten herein.

5

18. Plaintiff was hired by the Village of Saint Paris on June 16, 2017 to serve on its police force as its Chief of Police on February 5, 2018.

19. For the first three years of her employment, Plaintiff performed her job in an exemplary manner without issue.

20. Defendant Cook became Mayor of Saint Paris on March 5, 2018.

21. Defendant Cook immediately embarked upon a pattern of harassment, questioning Plaintiff's ability to perform her job because of her gender, and questioning whether Plaintiff should be working as a police chief when she had three young children at home, all of which will be detailed at trial.

22. Plaintiff was ultimately forced to file a complaint with the Ohio Association of Chiefs of Police (OACP). An investigator from the OACP attempted to mediate between Plaintiff and Cook, but Cook refused to discontinue her pattern of harassment.

23. Following the failure of the OACP Complaint, Plaintiff filed her first charge with the Ohio Civil Rights Commission on February 21, 2020.

24. The OCRC investigated, and issued Plaintiff a Notice of Right to Sue on October 21, 2020.

25. On November 3, 2020, Plaintiff received a list of "Charges and Specifications" from Defendant Cook, accusing Plaintiff of neglect of duty and insubordination, among other charges.

26. A hearing on these charges was held before the Saint Paris Village Council on November 16, 19, and 23, 2020.

27. At the conclusion of the hearing, the Village Council found unlawfully that Plaintiff guilty of several of the charges and voted to terminate her employment.

**CAUSES OF ACTION**

## FEDERAL

### FIRST CAUSE OF ACTION

Discrimination based on Gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

28. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

29. Plaintiff was hired as Police Chief by the Village of Saint Paris on February 5, 2018 and continued in the capacity without issue until Defendant Cook became Mayor on March 5, 2018.

30. Plaintiff was qualified for the position of Chief of Police, as demonstrated by her selection for the position and performance in the position.

31. Plaintiff is female, and thus is a member of a protected class.

32. Plaintiff suffered harassment based upon her status as a female, in that Defendant Cook repeatedly questioned Plaintiff's ability to do her job, and questioned whether Plaintiff should be working as a Police Chief when she had small children at home.

33. Due to the nature of Plaintiff's position as Chief of Police, no similarly situated employees existed.  However, the remaining Saint Paris Police Officers, all of whom are male, were not subjected to the same harassment.

34. As part of this harassment, Plaintiff was reprimanded, discharged, and ultimately served with charges and specifications, and her employment was eventually wrongfully terminated.  All of the individual Defendants took part in this process.

35. Defendants have not, as of the time of this filing, hired a new Chief of Police for Saint Paris.

36. The acting Chief of Police for the Village is male and has made clear to Defendants that Plaintiff had done a great job as Chief and that he, himself, was not as qualified as Plaintiff, to be Chief.

37. As a result of the pattern of harassment and adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

**SECOND CAUSE OF ACTION**

Retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

38. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

39. Plaintiff engaged in a protected activity by making a complaint to the Ohio Association of Chiefs of Police.

40. Plaintiff also engaged in a protected activity by filing a charge with the Ohio Civil Rights Commission.

41. The fact that Plaintiff had filed these complaints and charges was known by each and every one of the individual Defendants.

42. Plaintiff was subjected to severe and pervasive retaliatory harassment, in the form of multiple reprimands from the Mayor, culminating in the issuance of the charges and specifications, and the termination of Plaintiff's employment.

43. This harassment was caused by Plaintiff's engagement in protected activity.

44. During the hearing on the charges and specifications, one of the members of the Village Council was heard to comment that he did not understand how the Village could continue to employ someone who had filed charges against the Village, which sentiment questioned effective use adopted by the other Defendants, jointly.

45. As a result of the adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

## THIRD CAUSE OF ACTION
Failure to Properly Compensate an Employee in violation of the Fair Labor Standards Act, 29 U.S.C. § 2001, et seq.

46. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

47. As part of the pattern of harassment, Defendant Cook required Plaintiff to be available twenty-four hours a day to answer the phone and respond to potential incidents.

48. This requirement resulted in Plaintiff being forced to work more than forty hours per week.

49. Plaintiff was not compensated for this required overtime work.

50. Because Plaintiff was not compensated for this work, Defendant Village is in violation of the Fair Labor Standards Act.

51. The Village has violated the law for other employees as well and these claims will be presented.

52. As a result of the Village's violation of the FLSA, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

## STATE LAW CLAIMS

## FOURTH CAUSE OF ACTION
Discrimination based on Gender in violation of Ohio Revised Code § 4112.02

53. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

54. Plaintiff was hired as Police Chief by the Village of Saint Paris on February 5, 2018 and continued in the capacity without issue until Defendant Cook became Mayor on March 5, 2018.

55. Plaintiff was qualified for the position of Chief of Police, as demonstrated by her selection for the position and performance in the position.

56. Plaintiff is female, and thus is a member of a protected class.

57. Plaintiff suffered harassment based upon her status as a female, in that Defendant Cook repeatedly questioned Plaintiff's ability to do her job, and questioned whether Plaintiff should be working as a Police Chief when she had small children at home.

58. Due to the nature of Plaintiff's position as Chief of Police, no similarly situated employees existed. However, the remaining Saint Paris Police Officers, all of whom are male, were not subjected to the same harassment.

59. As part of this harassment, Plaintiff was served with charges and specifications, and her employment was eventually terminated. All of the individual Defendants took part in this process, which included untrue allegations, counseling services, verbal and written demands.

60. Defendants have not, as of the time of this filing, hired a new Chief of Police for Saint Paris.

61. The acting Chief of Police for the Village is male.

62. As a result of the pattern of harassment and adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

**FIFTH CAUSE OF ACTION**

Retaliation for engaging in protected activity in violation of Ohio Revised Code § 4112.02(I)

63. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

64. Plaintiff engaged in a protected activity by making a complaint to the Ohio Association of Chiefs of Police.

65. Plaintiff also engaged in a protected activity by filing a charge with the Ohio Civil Rights Commission.

66. The fact that Plaintiff had filed these complaints and charges was known by each and every one of the individual Defendants.

67. Plaintiff was subjected to severe and pervasive retaliatory harassment, in the form of multiple reprimands from the Mayor, culminating in the issuance of the charges and specifications, and the termination of Plaintiff's employment.

68. This harassment was caused by Plaintiff's engagement in protected activity.

69. During the hearing on the charges and specifications, one of the members of the Village Council was heard to comment that he did not understand how the Village could continue to employ someone who had filed charges against the Village, which was adopted by the Defendants.

70. As a result of the adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

**SIXTH CAUSE OF ACTION**
Failure to Comply with Minimum Fair Wage Standards in violation of Ohio Revised Code § 4111.03

71. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

72. As part of the pattern of harassment, Defendant Cook required Plaintiff to be available twenty-four hours a day to answer the phone and respond to potential incidents.

73. This requirement resulted in Plaintiff being forced to work more than forty hours per week.

74. The violation of the law was committed by Defendants and other City employees.

75. Plaintiff was not compensated for this required overtime work.

76. Because Plaintiff was not compensated for this work, Defendant Village and other Defendants are in violation of the Minimum Fair Wage Standards Act, Ohio Revised Code § 4111.03.

77. As a result of the Village's violation of the Minimum Fair Wage Standards Act, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

### SEVENTH CAUSE OF ACTION
Aiding, Abetting, Inciting, Compelling, or Coercing Discrimination in violation of Ohio Revised Code § 4112.02(J)

78. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

79. Plaintiff also suffered harassment based upon her status as a female, in that Defendant Cook repeatedly questioned Plaintiff's ability to do her job, and questioned whether Plaintiff should be working as a Police Chief when she had small children at home.

80. As part of the pattern of harassment, Defendant Cook required Plaintiff to be available twenty-four hours a day to answer the phone and respond to potential incidents.

81. Plaintiff engaged in a protected activity by making a complaint to the Ohio Association of Chiefs of Police.

82. Plaintiff also engaged in a protected activity by filing a charge with the Ohio Civil Rights Commission.

83. The fact that Plaintiff had filed these complaints and charges was known by each and every one of the individual Defendants.

84. Plaintiff was subjected to severe and pervasive retaliatory harassment, in the form of multiple reprimands from the Mayor, culminating in the issuance of the charges and specifications, and the termination of Plaintiff's employment.

12

85. This harassment was caused by Plaintiff's engagement in protected activity.

86. During the hearing on the charges and specifications, one of the members of the Village Council was heard to comment that he did not understand how the Village could continue to employ someone who had filed charges against the Village, adopted by other Defendants.

87. Each and every one of the individual Defendants, jointly and severally, were involved in the process of terminating Plaintiff's employment.

88. As a result of the adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages.

### EIGHTH CAUSE OF ACTION
Civil Conspiracy under Ohio Law

89. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

90. The individual Defendants acted in concert to maliciously deprive Plaintiff of her employment.

91. In so doing, Defendants committed various acts made illegal under Ohio Revised Code § 4112.02, including discrimination based upon gender, retaliation for engaging in a protected activity, and aiding and abetting discrimination.

92. Plaintiff engaged in a protected activity by making a complaint to the Ohio Association of Chiefs of Police.

93. Plaintiff also engaged in a protected activity by filing a charge with the Ohio Civil Rights Commission.

94. The fact that Plaintiff had filed these complaints and charges was known by each and every one of the individual Defendants.

95. Plaintiff was subjected to severe and pervasive retaliatory harassment, in the form of multiple reprimands from the Mayor, culminating in the issuance of the charges and specifications, and the termination of Plaintiff's employment.

96. This harassment was caused by Plaintiff's engagement in protected activity.

97. During the hearing on the charges and specifications, one of the members of the Village Council was heard to comment that he did not understand how the Village could continue to employ someone who had filed charges against the Village and this was adopted by the other Defendants.

98. Each and every one of the individual Defendants was involved in the process of terminating Plaintiff's employment and are therefore individually liable.

99. As a result of the adverse employment actions taken against Plaintiff, Plaintiff has been injured, and is entitled to compensatory and punitive damages, jointly and severally against Defendant Village and all other Defendants, individually and not just in their official capacity.

<u>**NINTH CAUSE OF ACTION**</u>
Intentional Infliction of Emotional Distress

100. Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

101. The individual Defendants acted to intentionally cause serious emotional distress to Plaintiff, by subjecting her to harassment based upon her gender, personal animosity, and depriving her of her employment and causing her to suffer grievous emotional distress, psychological/psychiatric injury and personal injury, including diminished work life expectancy.

14

102.     The Defendants' conduct was extreme and outrageous, such that it should not be contemplated or tolerated in a civilized society.

103.     As a result of Defendants' actions, Plaintiff has suffered emotional and psychological injuries and physical injuries as aforesaid and is entitled to compensatory and punitive damages.

### TENTH CAUSE OF ACTION
Attorney Liability

104.     Plaintiff reincorporates the allegations in the previous portions of this Complaint by reference as if fully rewritten herein.

105.     All attorney firm and individuals are sued under agency, respondeat superior, and malpractice theories, jointly and severally, for all torts and contract theories of the other Defendants, save malpractice, other causes of action against attorneys at law, including conduct that is outside foreign or in malicious conduct that makes them responsible for the wrongful conduct of the other non-attorney Defendants.

106.     The attorney Defendants acted maliciously, willfully, wantonly, recklessly, for wrongful lucre and financial gain in the case at bar and be below, substantially before the standards of care and ethics of a law firm or an attorney.

107.     The wrongful conduct of the attorney Defendants was such that it made them jointly and severally liable for all the causes of action/claims for relief set forth above against all the other Defendants, jointly and severally as set forth above as well as other causes of actions/claims for relief.

108.     The unlawful conduct of the attorneys as well as vicarious liability of the other Defendants included, but is not limited to:

15

a. Providing individual and unlawful and ultra vires legal advice directly and indirectly, especially to Mayor Cook and to the other Defendants, individually, and as members of the Village Council, and the Village of St. Paris;

b. Providing legal advice specifically to the other Defendants and Plaintiffs on the issue of hours of work and scheduling, which advice was not followed by the other Defendants, yet used to discipline and terminate Plaintiff (especially Defendant Prince and Prince to Plaintiff);

c. Providing illegal advice to Defendants to discipline and terminate Barga and violate the law on hours of work, wages, overtime, record keeping, and other matters of a police chief hours and duties attendant thereto.

d. Providing illegal advice concerning control and supervision of Plaintiff, as Chief of Police, Village Police Officer, and Village employee, resulting in the injuries and damages to Plaintiff;

e. Advising, drafting, reviewing, securing, and advising all reprimands (written and verbal), vexatious communications to Chief Barga, and illegally presenting it to the Village Council and Defendants. The attorney Defendants wrongfully took on advocacy and adversary role to Plaintiff in the advice, disciplinary, and termination process of Chief Barga, including directly contrary advice to Barga, and other members of Council and Defendants;

f. Hiring other attorney firm, another firm, to represent the Mayor at the Disciplinary Termination process and hearing while illegally allegedly representing the Village of St. Paris and their members, providing legal advice to Defendants making rulings on all objections which Defendants blindly followed, and actually retiring and helping Defendant deliberate on the discipline/termination; all while providing rulings and legal advice directly contrary to prior advice to Plaintiff and other Defendants;

g. Having direct conflicts of interest with the parties, preventing a fair and unbiased process and hearing and jointly collaborating and conspirative acting with an attorney for Cook to assure that Plaintiff would be and was injured; much of which was done with funds not appropriated or illegally paid to Mayor Cook's attorney and the attorney Defendants, all being ultra vires and prejudicial to Plaintiff and the justice process, itself;

h. Making rulings on matters of evidence, questioning, and argument of Plaintiff and her counsel, that matters were privileged, confidential, or work product which were

16

relevant and necessary to the presentation of Plaintiff's case, when there was no bases for such denial of presentation due to waiver, publication, concealment, misrepresentation, fraud, and the alleged execution of policy of the Village; which is the public right to know, all in the conspiracy with Defendants and their legal counsel, sued and not sued;

     i.   Contributing to and being a cause of a biased and unfair legal process and abusing administrative and constitutional substantive and procedural rights and constitutional rights to Plaintiff;

     j.   Many other attorney violations which will be presented at trial.

     k.   Procuring personnel and handbooks for the Village within unlawful provisions.

109.    The wrongful conduct of the attorney and law firm was a proximate cause of the breach of the torts, constitutional rights, psychological/psychiatric injuries and damages, personal injuries, damages/injuries, employment injuries, past and future, dignitary damages, and other injuries and damages, entitling the Plaintiff to compensatory, dignitary, punitive, attorney fees, costs, and other damages, jointly and severally from all Defendants, as they appear, with attorneys held to a higher standard of care of the process and violation thereof, not withstanding the joint and several liability of the other Defendants.

## **DEMAND FOR JUDGMENT**

WHEREFORE, plaintiff respectfully demands judgment in her favor as follows:

   A.  Compensatory damages in excess of $75,000.00;

   B.  Punitive damages in excess of $75,000.00;

   C.  An award of her fees, costs, and attorney fees incurred in the prosecution of this case;

   D.  Such other judgment as she may be entitled to in equity or at law.

Respectfully submitted,

/s/ Dwight D. Brannon
Dwight D. Brannon, #0021657
Kevin A. Bowman, #0068223
Brannon & Associates
130 West Second St., Suite 900
Dayton, Ohio 45402
P. (937) 228-2306 F. (937) 228-8475
dbrannon@branlaw.com
kbowman@branlaw.com

Jason P. Matthews, # 0073144
Matthew C. Schultz, #0080142
Jason P. Matthews, LLC
130 West Second St., Suite 924
Dayton, Ohio  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
matt@daytonemploymentlawyers.com
Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff and respectfully demands a trial by jury on all her claims asserted herein.

Respectfully submitted,

/s/ Dwight D. Brannon
Dwight D. Brannon, #0021657